CC;

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
FILED ____ ENTERED
LOGGED ____ RECEIVED
```

AUG 1 0 2021

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY ____ DEPUTY

Derek Elliott
#459577
07/25/2000
720 Bosley Ave
Towson Md, 21204

(Full name, date of birth, identification #, address of petitioner)

**Petitioner,**

v.

Judge ensor, 401 Bosley Ave
Towson Md, 21204

~~[struck through]~~
(Full name and address of respondent)

**Respondent.**

Case No.: _____
*(Leave blank. To be filled in by Court.)*

## PETITION FOR WRIT OF HABEAS CORPUS

I. Background

   A. Where are you detained?

     ☐ Federal Prison

     ☐ ~~State Prison~~

     ☑ Local Jail or Detention Center

     ☐ Mental Health Facility

     ☐ Other, describe _____

   B. If you have been convicted and sentenced, provide the following information:

     1. Name and location of court which imposed sentence: Baltimore County Circuit Court, 401 Bosley Ave, Towson Md, 21204

Instructions&Form2241 (09/2019)

PG. 1

2. Your criminal case number(s): C-03-CR-20-003573

3. The date you were sentenced: MARCH 3, 2021

4. The charges on which you were convicted: Malicious Destruction of property < $1,000

C. If you are awaiting trial on criminal charges, provide the following information:

1. Name and location of court in which charges are pending: N/A

2. Your criminal case number(s):

3. List any hearing or trial dates which have been scheduled: N/A

4. List the charges that are pending against you: N/A

5. Your attorney's name, address and telephone number: N/A

D. If you are detained in a mental health facility, provide the following information:

1. How were you committed?

☐ By a court for evaluation.

☐ By a court after being found not criminally responsible.

☐ Involuntary civil commitment.

☐ Other, explain, N/A

2. When were you committed? N/A

II. Previous lawsuits

   A. Have you filed other cases or motions in state or federal court dealing with the same facts as in this case?

   YES ☑   NO ☐

   B. If you answered YES, describe that case(s) or motion(s) in the spaces below.

   1. Type of case or motion: Modification of Sentence, And post-conviction Relief pursuant to rule 4-404

   2. Parties to the other case(s):

      Petitioner: Derek Elliott

      Respondent(s): State of Maryland

   3. Court (if a federal court name the district; if a state court name the city or county): Baltimore County Circuit Court, 401 Bosley Ave, Towson Md, 21204

   4. Case No.: _____

   5. Date filed: N/A

   6. Name of judge that handled the case: N/A

   7. Disposition (won, dismissed, still pending, on appeal): Still pending

   8. Date of disposition: N/A

III. Administrative proceedings

   A. If you are in a Division of Correction facility, did you file an administrative remedy procedure request under DCD 185-001, et seq.?

   YES ☐   NO ☑

   1. If you answered YES:

      a. What was the result? N/A

      b. Did you appeal to the Commissioner? N/A

         YES ☐   NO ☑

2. If you answered NO to either of the questions above, explain why you did not file an administrative remedy procedure request or an appeal to the Commissioner.

_____ N\A _____

3. Did you file any other type of administrative complaint such as an appeal to the warden of an adjustment decision?

   YES ☐   NO ☑

4. If you answered YES, explain what you filed and what was the result.

_____ N\A _____

B. If you are in a Division of Correction facility or Patuxent Institution, did you file a complaint with the Inmate Grievance Office?

   YES ☐   NO ☑

1. If you answered YES:

   a. What was the result? _____ N\A _____

   b. Did you appeal to the Circuit Court?

      YES ☐   NO ☑

   c. What was the result? _____ N\A _____

   d. Did you file an application for leave to appeal to the Court of Special Appeals?

      YES ☐   NO ☑

   e. What was the result? _____ N\A _____

C. If you are a state prisoner challenging a parole revocation decision, complete the following.

1. Date of revocation decision: _____ N/A _____

2. Did you appeal the revocation decision to the Circuit Court?

    YES ☐     NO ☑

3. If you answered YES, what was the date of the Circuit Court's decision and what was the decision?

    _____ N/A _____

4. Did you appeal the decision of the Circuit Court?

    YES ☐     NO ☑

5. If you answered YES, what was the result and the date of the decision?

    _____ N/A _____

D. If you are in a Federal facility, did you attempt to resolve your complaint informally?

   YES ☐     NO ☑

   1. If you answered YES:

      a. Did you file a formal complaint to the warden?

         YES ☐     NO ☑

      b. Did you appeal the warden's decision to the Regional Director?

         YES ☐     NO ☑

      c. Did you appeal the Regional Director's decision to the Office of General Counsel?

         YES ☐     NO ☑

      d. What was the result? _____ N/A _____

2. If you answered NO to any of the questions above, explain why you did not file an administrative complaint or appeal. N/A

E. If you are a federal prisoner challenging a parole revocation decision, complete the following.

1. Date of revocation decision:

2. Did you appeal the revocation decision to the National Appeals Board?

   YES ☐   NO ☑

3. If you answered YES, what was the date of the National Appeals Board's decision and what was the decision. N/A

F. If you are not in a Division of Correction or Federal facility, is there a grievance procedure at your institution?

   YES ☑   NO ☐

   1. If your answer is YES, did you file a grievance?

      YES ☐   NO ☑

   2. If you filed a grievance what was the result? N/A

   3. If you did not file a grievance explain why not? N/A

IV. Statement of origin
(Briefly state the facts of your case. Include dates, times, and places. Explain why you believe you are improperly detained. If you are making a number of related claims, number and explain each claim in a separate paragraph.)

(See Attached Page)

V. Relief

(Briefly state what you want the Court to do for you.) Petitioner Ask this Court to vacate the illegal Sentence which violates his 8th Amendment Constitional Rights and dismiss the case.

In the early morning of September 17, 2020, Petitioner was surveilled and followed by CAST (Criminal Apprehension Support Team) detectives from the residence of his sister and owner of the vehicle, Cierra Wilson, the residence being addressed 5020 Goodnow Rd Apt I. It is stated in the charging documents that detectives watched two females, one of which was Cierra Wilson, two males, one of which was petitioner, and two juveniles exit the residence and all enter the vehicle in question. Detectives then followed the vehicle until it reached the intersection of Weyburn Rd and Ellenwood Rd. At that point a Honda CRV driven by one of the detectives, without lights or sirens activated, dangerously swerved from behind Petitioner, as he proceeded past a stop sign, and drove recklessly in the direct line of driving of the vehicle petitioner was driving causing petitioner to collide with the tail end of the CRV. The detectives involved called this act a "Safely Conducted Routine traffic stop". However, a Safely Conducted Routine traffic stop would have been for officers to activate lights and sirens and order vehicle to pull over. Please keep in mind that all these vehicles were unmarked, and petitioner had no idea he was being followed.

PG. 7A

Petitioner proceeded to Court on March 3, 2021 and was sentenced by Judge Ensor, through Alfred-plea of 1 count, "Malicious Destruction of property <$1,000". Charge defining the value to be "less than $1,000", he was sentenced to 60 days all suspended but 1 day and 18 months supervised probation with Restitution for the damage being valued at $2,267. Upon taking the plea defendant was not aware of the fee until he had already agreed to the Alfred-plea. MD Rule 4-242 states that a defendant must be pleading voluntarily and with intelligent understanding of the consequence of taking the plea. Petitioner was not fully or intelligently aware of all consequences of the plea including the Restitution fee. furthermore the fee violates the Petitioners 8th Amendment Constitutional Right to not have oppressive fines imposed. Petitioner states the fines to be oppressive because the charge values the damage less than $1,000 and even with 2 counts of the charge the fee would be less than $2,000. Plainly stating that a fee of $2,267 dollars is oppressive and causing the sentence to be illegal. The Petitioner has filed modification of sentence which was denied by the Circuit Court in stating, "the sentence is fair" and "this court denies a hearing until the fee is paid and probation complete."

PG. 7B

However, petitioner still argues that the sentence is illegal and that the fines are oppressive even if under Alfred-plea because the charge stating "property < $1,000". Petitioners counsel for this case also says there is nothing he can do even after agreeing that the fine violated petitioners 8th Amendment Constitutional Rights. Petitioner now seeks help under this section provided by the federal Court.

I declare under the penalties of perjury that the information above is true and correct.

SIGNED THIS 24 day of July, 2021.

*Der Elliott*
Signature of Petitioner

Derek Elliott
Printed Name

720 Bosley Ave, Towson Md, 21204
Address

_____
Telephone Number

_____
Email Address