IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEREK ELLIOTT, | * | |
| Petitioner | * | |
| v | * | Civil Action No. SAG-21-2033 |
| GAIL WATTS and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM OPINION

Derek Elliott challenges his 2021 state conviction for malicious destruction of property in his Petition filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Elliott claims that his guilty plea, entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970),[1] was not intelligently and voluntarily given, and that the condition that he pay $2,267 in restitution was an excessive "fine" in violation of the Eighth Amendment to the United States Constitution. *Id.* Respondents filed a limited answer arguing, *inter alia*, that Elliott's claims are unexhausted. ECF No. 5. By Order dated September 22, 2021, the Court granted Elliott the opportunity to respond to Respondents' allegations. ECF No. 6. Elliott filed nothing further.

For the reasons that follow, Elliott's Petition shall be dismissed without prejudice.

## Background

On March 3, 2021, Elliott entered an *Alford* plea in the Circuit Court for Baltimore County to one count of malicious destruction of property having a value of less than $1,000. *State v. Elliott*, Case No. C-03-CR-20-003573 (Cir. Ct. for Balt. Cnty.), ECF No. 5-1 at 8. The circuit

---

[1] A defendant enters into an *Alford* plea when he proclaims he is innocent but "intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *North Carolina v. Alford*, 400 U.S. 25 (1970).

court found him guilty and sentenced him to 60 days' incarceration, all of which was suspended except for time served, and a period of 18 months' probation. *Id.* at 7-8, 15. One of the express conditions of Elliott's probation was that he pay $2,267 in restitution to Baltimore County at no less than $300 per month. *Id.* at 16. Elliott signed a written probation order, indicating that he read (or had read to him) the listed conditions, he understood them, and he consented to them. *Id.* at 15-18.

Elliott did not file an application for leave to appeal to challenge his plea or sentence. *See id.* at 6-7. On July 27, 2021, Elliott initiated a post-conviction proceeding in state circuit court, alleging that his sentence was unlawful because the $2,267 of restitution that he was ordered to pay was an "excessive fine" imposed in violation of the Eighth Amendment. *See id.* at 24. Elliott also argued that the police acted "dangerously and recklessly" during his arrest, and the State committed "error" in failing to "precisely review the facts surrounding the case." *Id.* at 25. Elliott's post-conviction petition remains pending in state court. *See State v. Elliott*, Case No. C-03-CR-20-003573, available at https://casesearch.courts.state.md.us.

## Discussion

Before this Court may consider a Petition challenging the validity of a state criminal conviction, the claims must first be exhausted at every available level of state-court review. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). "[E]ach ground for relief [is] an independent claim," and all claims in a petition must be exhausted. *Samples v. Ballard*, 860 F.3d 266, 274 (4th Cir. 2017). The exhaustion requirement is satisfied by seeking review of each claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

Here, Elliott did not file an application for leave to appeal challenging his guilty plea. He has, however, initiated post-conviction proceedings, and his petition is still pending in state court.

As a reminder, to exhaust a claim through post-conviction proceedings, Elliott must raise it in a post-conviction petition filed in the Circuit Court for Harford County and, if unsuccessful, must raise the claim in an application for leave to appeal to the Court of Special Appeals. *See id.*; Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available, and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, Elliott must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

Elliott must also comply with a one-year filing deadline to file a habeas petition with this court following exhaustion of his claims. *See* 28 U.S.C. § 2244(d).[2] Elliott is forewarned that the one-year filing deadline begins to run on the date his conviction is final. The one-year period is

---

[2] This section provides:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"tolled" during the time a properly filed post-conviction petition is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Elliott has to seek federal habeas corpus review.

Because Elliott's post-conviction petition is currently pending, the Petition before this Court will be dismissed without prejudice to give Elliott the opportunity to exhaust his claims. Elliott will be sent forms and an information packet for filing a § 2254 Petition if he decides to do so after he exhausts his remedies in state court.

## Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Elliott fails to meet this standard and a Certificate of Appealability shall not issue.

## Conclusion

For the foregoing reasons, the Petition is DISMISSED without prejudice. The court declines to issue a Certificate of Appealability. A separate Order follows.

March 21, 2022 _____/s/_____
Date                                   Stephanie A. Gallagher
                                       United States District Judge